## HAWKS v. MARYLAND & PENNSYL-VANIA R. CO. et al.

Civ. A. No. 10277.

United States District Court
E. D. Pennsylvania.

April 21, 1950.

B. N. Richter, of Philadelphia, Pa., for plaintiff.

R. Dorsey Watkins, of Baltimore, Md., Henry R. Heebner, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This case is now before me on the motion of the defendant Maryland & Pennsylvania Railroad Company (hereafter called Railroad) to dismiss this action for improper venue or to transfer it to the Middle District of Pennsylvania. It is also before me on a similar motion of the defendant American Chain & Cable Company, Inc. (hereafter called American Chain) to transfer it to the Middle District of Pennsylvania.

The plaintiff is a brakeman employed by the defendant Railroad. He was injured on or about January 3, 1949 while engaged in his duties on a box car which was lo-

cated on a siding at York, Pennsylvania. This siding was owned and controlled by the defendant American Chain.

The plaintiff is a resident of the Middle District of Pennsylvania. The defendant Railroad is a Maryland Corporation which is doing business in the Middle District of Pennsylvania. The defendant American Chain is a New York corporation which is doing business in the Middle District and the Eastern District of Pennsylvania. The accident occurred in the Middle District of Pennsylvania.

Federal jurisdiction is conferred over the defendant Railroad by the Federal Employers' Liability Act,[1] and over the defendant American Chain by the diversity of citizenship[2].

The defendants contend that the Middle District of Pennsylvania is the only district in this state in which proper venue can be laid, since that is the only district where all the defendants reside, for venue purposes. 28 U.S.C.A. § 1391(b, c). But if this is not so, they further contend that this case should be transferred to the Middle District for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C.A. § 1404(a).

The plaintiff relies on the fact that venue as against American Chain alone is properly laid in the Eastern District. He contends, therefore, that venue is also laid in this district against the Railroad under Section 1392(a) of Title 28 U.S.C.A. which provides that "[Transitory actions] against defendants residing in different districts in the same State, may be brought in any of such districts."

■ I do not see how Section 1392 gives the plaintiff any consolation. Section 1392 is based on Section 52 of the old Judicial Code[3]. Section 52 was taken from parts of earlier statutes which divided certain states into two or more judicial districts. The purpose of this provision was and is to relieve a plaintiff from the necessity of

bringing more than one suit if all the defendants who lived in one state did not reside in the same district. It is to be invoked only in those intrastate situations when the general venue statute would force the plaintiff to bring two or more suits. See Melvin Lloyd Co. v. Stonite Products Co., 3 cir., 119 F.2d 883, 886, reversed but with similar historical analysis, 315 U.S. 561, 566, 62 S.Ct. 780, 86 L.Ed. 1026.

■ In this case the defendants do not reside in different districts; they all reside in the Middle District of Pennsylvania. Consequently, Section 1392(a) does not apply.

■ The Federal Employers' Liability Act does not lay venue for this case in the Eastern District of Pennslyvania, even though an injured railroader may be a preferred litigant. This Act does not provide for the laying of venue as against two defendants in circumstances such as are present in this case. Furthermore, the plaintiff could not have sued the Railroad alone in this district since the defendant railroad is not a resident of this district, is not doing business in this district, and the accident did not occur in this district. 45 U.S.C.A. § 56.

The joinder of American Chain as a second defendant, over whom jurisdiction is acquired because of diversity of citizenship, does not enlarge the venue provisions of either the Federal Employers' Liability Act or the new Judicial Code.

Section 1391(b, c) requires that this action be brought in that district where all the defendants reside.

The motion of the Maryland & Pennsylvania Railroad Company to dismiss this action for improper venue is denied.

In accordance with the discretion granted the Court under Section 1406(a) of Title 28 U.S.C.A., the motions of the Maryland & Pennsylvania Railroad Company and the

1. Act of April 22, 1908, c. 149, 35 Stat. 65, as amended, 45 U.S.C.A. § 51 et seq.

2. 28 U.S.C.A. § 1332.

3. Act of March 3, 1911, c. 231, § 52, 36 Stat. 1101, repealed and replaced by Act of June 25, 1948, c. 646, § 1392, 62 Stat. 935, 992 effective September 1, 1948, 28 U.S.C.A. § 1392; see Revisor's Notes to § 1392, 28 U.S.Code Cong.Serv. § 1392.

American Chain & Cable Company, Inc. to transfer this action to the Middle District of Pennsylvania are hereby granted.