Billy JONES, Plaintiff,

v.

VALLEY WELDING SUPPLY COMPA-
NY, a corporation, Nello-Teer Company,
a corporation, Central Engineering Con-
tracting Corporation, a corporation,
Martin Stove and Range Company, a
corporation, Martin Stove Company,
Inc., a corporation, Martin Heating and
Stove, Inc., a corporation, Danville
Welding Supply Company, a corpora-
tion, Link Watson Company, a corpora-
tion, Defendants.

Billy JONES, Plaintiff,

v.

VALLEY WELDING SUPPLY COMPA-
NY, a corporation, Nello-Teer Compa-
ny, a corporation, Central Engineering
Contracting Corporation, a corporation,
Martin Stove and Range Company, a
corporation, Martin Stove Company,
Inc., a corporation, Martin Heating and
Stove, Inc., a corporation, Danville
Welding Supply Company, a corpora-
tion, Link Watson Company, a corpora-
tion, King Corporation, a corporation,
Defendants.

Civ. A. Nos. 68–1426, 68–1437.

United States District Court
W. D. Pennsylvania.

Aug. 21, 1969.

J. Howard Womsley, Pittsburgh, Pa., for plaintiff.

Robert E. Wayman, Pittsburgh, Pa., for Valley Welding.

Arthur R. Gorr, Pittsburgh, Pa., for Nello-Teer, Central Engineering Contracting and Martin Stove & Range.

George I. Buckler, Pittsburgh, Pa., for Martin Stove Co., Martin Heating and Stove and King Corp.

Ted O. Struk, Pittsburgh, Pa., for Danville Welding Supply Co.

James A. McGregor, Pittsburgh, Pa., for Link Watson Co.

## OPINION

GERALD J. WEBER, District Judge.

The above two cases with their multiple defendants arise out of personal injuries incurred by plaintiff when a gas heater exploded. Plaintiff, a citizen of Pennsylvania, was an employee engaged in road construction in Tridelphia, West Virginia. The corporate defendants are incorporated in various states outside Pennsylvania, the non-corporate defendant is an individual resident and doing business as a sole proprietorship in Virginia. Service of progress against all the defendants was made by having the United States Marshal for this District forward process to United States Marshals in other United States Judicial Districts outside this state for service. We know of no authority for such service and plaintiff's counsel does not assert its validity but explains that he acted in this manner to give the various defendants notice of plaintiff's claim and plaintiff's intention of filing suit before the expiration of the statute of limitations on December 14, 1968.

Defendant Nello-Teer has appeared and answered the complaint. It alleges improper venue but does not contest the service of process because it is registered to do business in Pennsylvania. It defends on the grounds that it is plaintiff's employer and is not subject to suit under the applicable Workmen's Compensation Act. The remaining nine defendants have moved for dis- service ofmissal for improper venue, immissal for improper venue, improper service of process, and lack of jurisdiction over the person. Plaintiff then filed a Motion to Transfer these causes of action to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

and Section 1406(a) provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

There is no obstacle to a Motion to Transfer under 1404(a) being made by plaintiff. Moore's Federal Practice ¶ 0.-145 [6.—2]

Defendants objected to the motion to transfer on the grounds that Sections 1404 and 1406 permit transfer of cases only to a district or division where the action "could have been brought" and not all of the defendants are amenable to service of process in West Virginia.

By our Memorandum Opinion and Order of February 19, 1969 we continued consideration of Defendant's Motion to Dismiss and permitted plaintiff to employ discovery in aid of jurisdiction against Nello-Teer, the only defendant properly before this court. We denied plaintiff discovery against the other improperly served defendants as we believed it was not proper to subject them to interrogatories at that time. Hilton v. W. T. Grant Co., 212 F.Supp. 126 [W.D. Pa., 1962]. We required plaintiff to file evidentiary material to supply prima facie proof that the District Court of the Northern District of West Virginia

would have personal jurisdiction over each of the defendants.

At the hearing on Defendant's Motion to Dismiss and Plaintiff's Motion to Transfer, the plaintiff argued that the entire case be transferred to the Northern District of West Virginia to allow that court to determine whether personal service could be obtained over all the defendants. Plaintiff cities as authority for this proposition the West Virginia long arm statutes which permit mere allegations of "doing business" in the pleading as sufficient for substituted service of process. Plaintiff further argues that the discovery as to jurisdictional matters which has thus far been denied him will be available in West Virginia.

 We believe that we are required in the situation presented by the facts in this case initially to make a determination that the suits could have been brought in the transferee court before we grant the Motion to Transfer. This would include a determination that venue in the West Virginia court is proper, that that court has subject matter jurisdiction (both admitted for purposes of this motion) and that the defendants are amenable to service of process in West Virginia. We distinguish between cases that could have been "commenced" in West Virginia and a suit which can be determined on its merits by a court of competent jurisdiction.

 As originally enacted, subsection (a) of Section 1406 of the Judicial Code of 1948 provided:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought."

The Amendatory Act of May 24, 1949 [1] qualified the peremptory command of 1406(a) and added " * * * shall dismiss, or if it be in the interest of justice, transfer such case * * * ". Thus the court has two choices under the amended act—dismiss or, in the interest of justice, transfer. "The amendment was enacted to prevent a plaintiff from deliberately bringing suit in the wrong district in order to effect service of process on the defendant and after perfecting service, obtaining a transfer of the case to the proper district." 1 Moore's Federal Practice, ¶ 0.146 [5]. If such abuse is present in a particular case the court has the power of dismissal.

Our case represents an ever greater abuse, filing the action where no service can be obtained, and then asking the court to transfer to another jurisdiction without proof that all defendants can be served.

In Tiernan v. Westext Transport, Inc., 243 F.Supp. 566 [S.D.N.Y.1965], a diversity negligence action arising out of an automobile accident in Massachusetts, the New York District Court transferred the case to the District of Massachusetts which was the only district where the case could have been brought and jurisdiction obtained over all defendants because of that state's non-resident motor vehicle operators' act. Not all defendants were subject to service in New York.

The Second Circuit in Foster-Milburn Co. v. Knight, 181 F.2d 949 [2d Cir., 1950], and the Ninth Circuit in Shapiro v. Bonanza Hotel Co. Inc., 185 F.2d 777 [9th Cir., 1950], found that a United States District Court could not transfer a case under Section 1404(a) to another judicial district where it was admitted that the defendant would not have been amenable to service of process. The First Circuit in In re Josephson, 218 F. 2d 174 [1st Cir., 1954] criticized these decisions and stated that such a transfer should be permitted when the transferor court has acquired jurisdiction over the person, but the court conceded that where the transferor court and transferee court did not and could not acquire personal jurisdiction over the defendant the plaintiff's suit must be dismissed. The court would not permit such a transfer because it would not have been "in the interest of

justice". [p. 185]. This is the exact situation we have as to certain of the named defendants in the present action. Our case differs from In re Josephson in that in the present case there is valid service upon only one defendant. See also Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 [1960] and Mutual Life Ins. Co. of N. Y. v. Ginsburg, 125 F.Supp. 920 app. dism'd 228 F.2d 881 [3d Cir., 1958], cert. den. Ginsburg v. Gregg, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495, where both courts found that the proposed transferee court must have jurisdiction over the person before a case can be transferred.

■ We distinguish those cases and the arguments propounded therein in which the transferor or transferee court was shown to have personal jurisdiction. We make our decision on a very narrow issue; that is, in a situation where plaintiff has not acquired personal jurisdiction over the defendant and has not submitted evidentiary material to support personal jurisdiction in the transferee court, a motion to transfer under Sections 1404 and 1406 cannot be granted.

■ We will grant plaintiff's motion to transfer the within case to the Northern District of West Virginia as to defendant Valley Welding as it has been shown that Valley Welding is a West Virginia corporation doing business in West Virginia. We will also transfer the causes of action against Nello-Teer who has been properly served as the proper venue appears to be in West Virginia, the situs of the accident. We will also grant plaintiff's motion to transfer as to Central Engineering. Plaintiff has supplied the court with an affidavit of a witness who described a decal of Central Engineering on the trailer in which plaintiff was injured. This we believe would raise a presumption that Central Engineering was in West Virginia for purposes of doing business. Plaintiff has also supplied an affidavit and photographs of equipment taken in Pennsylvania which have Central Engineering decals. This would also indicate that Central Engineering was doing business in Pennsylvania and

could be properly brought before this court.

As to corporate defendants Link Watson, Martin Stove Company, Inc. (Martin Stamping & Stove Company, Inc.), Martin Stove and Range Company, King Corporation (King Stove & Range Company), and Danville Welding, a sole proprietorship doing business in Virginia, we dismiss the within causes of action and deny plaintiff's Motion to Transfer as these defendants were not properly before this court and no evidentiary material was submitted to show that these defendants would have been amenable to service of process in West Virginia.

We believe this opinion is not in conflict with those decisions which have held that the transferor court need not have acquired jurisdiction over the defendants in order to transfer a case to a District Court which did have personal jurisdiction over the defendants and where the case could have been brought. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 [1962]; United States v. Berkowitz, 328 F.2d 358 [3d Cir., 1968]; and Founds v. Shedaker, 278 F.Supp. 32 [E.D.Pa., 1968].