**CENTRAL GMC, INC.**

v.

**E. T. & T. LEASING, INC.**

**Civ. No. 73–880–K.**

United States District Court,
D. Maryland.

Jan. 10, 1974.

Charles Cahn, II, Baltimore, Md., for plaintiff.

Martin J. Alperstein, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

On May 11, 1973, plaintiff, a Maryland corporation, instituted suit for breach of contract against defendant, also a Maryland corporation, in the United States District Court for the District of Columbia, seeking damages in the amount of $86,245.56. From February 1, 1971 until July 31, 1973, the United States District Court for the District of Columbia had jurisdiction—pursuant to D.C.Code § 11–501—which provides in relevant part:

> In addition to its jurisdiction as a United States district court and any other jurisdiction conferred on it by law, the United States District Court for the District of Columbia has jurisdiction of the following:
>
> *   *   *   *   *   *
>
> (4) Any civil action (other than a matter over which the Superior Court of the District of Columbia has jurisdiction under paragraph (3) or (4) of section 11–921(a) ) begun in the court during the thirty-month period beginning on such effective date wherein the amount in controversy exceeds $50,000.

On July 31, 1973, the District Court for the District of Columbia ordered, *inter alia*, transfer of this case to the United States District Court for the District of Maryland.

Plaintiff does not allege—and there does not exist—jurisdiction in this case under 28 U.S.C. § 1331. Plaintiff does allege jurisdiction under 28 U.S.C. § 1332 but such allegation would appear completely erroneous in view of the agreement between the parties that both of them are Maryland corporations. The fact that the principal offices of the

parties may be in different states of course does not provide a basis for diversity jurisdiction under Section 1332 when both have been incorporated in the same jurisdiction. C. Wright, Law of Federal Courts § 27 (2d ed. 1970). Nor does any other federal jurisdiction exist in this case in this Court which the Congress has created pursuant to Article III of the Federal Constitution. The jurisdiction conferred by the Congress upon the United States District Court for the District of Columbia does not in any way establish any additional jurisdiction in this Court, and the parties may not do so by virtue of mere change in venue. Section 1404(a) of 28 U.S.C. permits change of venue only to a court in which the suit "might originally have been brought." Since this case could not have been brought in this Court, the District Court for the District of Columbia had no power to transfer this case to this Court under Section 1404(a). Rice v. Disabled American Veterans, 295 F.Supp. 131, 135 (D.D.C., 1968); Russell v. Cunningham, 191 F.Supp. 82 (D.Guam 1961). In *Rice*, Judge Robinson concluded that "the District Court for the District of Columbia has only local jurisdiction in this case and not federal jurisdiction. Thus, the only federal district court in which the action might have been brought is in the District of Columbia." 295 F.Supp. *supra* at 132.

* * * The rationale is undoubtedly that since the relevant federal venue statute provides that an action may be transferred only to a district "where it might have been brought," 28 U.S. C. § 1404(a), and since actions brought only under the local jurisdictional statute could not have been brought in any federal district court other than the one in the District of Columbia, there is no federal district court in the country to which this action might be transferred under 28 U.S.C., Section 1404(a).

295 F.Supp. *supra* at 135. Accordingly, no subject matter jurisdiction exists in this Court.

It may be that this Court, lacking subject matter jurisdiction, may well not have the power to transfer this case back to the United States District Court for the District of Columbia.[1]

Under the circumstances, in order that plaintiff may have opportunity to find a forum for this suit, this Court will not enter an order of dismissal for lack of jurisdiction for 30 days, so that plaintiff may seek, pursuant to Fed.R. Civ.P. 60(b), an order from the District Court for the District of Columbia rescinding, *nunc pro tunc*, as of July 31, 1973—a date when that Court had jurisdiction over this case—[2] its 1404(a) transfer Order of that date. Should that Court so rescind its said Order, such action would mean that this case no longer will be pending in this Court. For that reason, this Court at that time would instruct the Clerk of this Court to close this file in this case in this Court.

It is so ordered, this *10th* day of January, 1974.[*]

---

1. No federal statute would appear specifically to confer authority upon this Court to transfer this case back to that transferor court. Neither 28 U.S.C. § 1406(a) nor 28 U.S.C. § 1406(c) is applicable. 28 U.S.C. § 1447, however, confers remand authority after removal from a state court. While that statute makes no reference to a remand after a transfer under 28 U.S.C. § 1404(a), it is to be noted that the transferor Court itself had only "state-type" jurisdiction in this case.

2. *Cf.* Drabik v. Murphy, 246 F.2d 408, 410 (2d Cir. 1957) (Hand, J.).

* On January 21, 1974, the United States District Court for the District of Columbia rescinded, *nunc pro tunc*, as of July 31, 1973, its earlier transfer Order of that latter date. Accordingly, on January 23, 1974, this Court directed its Clerk to close the file in this case.