**Albert S. MOUNCE, Petitioner-Appellant,**

v.

**Troy KNIGHTEN, Texas Dept. of Corrections, Railroad Project, Maydelle, Texas, Respondent-Appellee.**

No. 74–1552

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1974.

Rehearing Granted Nov. 11, 1974. See 503 F.2d 967.

Albert S. Mounce, pro se.

John L. Hill, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

A person in custody under the judgment and sentence of a State court in a State containing two or more Federal judicial districts may file application for Federal writ of habeas corpus in one of two places: either "the district court for the district wherein such person is in custody" or "the district court for the district within which the State court was held which convicted and sentenced him . . .." 28 U.S.C. § 2241(d) (1970). Appellant Albert S. Mounce was convicted following a jury trial in the criminal district court in Tarrant County, Texas, located in the Northern District of Texas. In his petition for writ of habeas corpus filed with the United States District Court for the Eastern District of Texas, Mounce alleged that he was in custody of the Texas Department of Corrections [TDC] Railroad Project in Maydelle, Texas, located in the Eastern District. It appears from the notarization on the pro se petition, however, that by the time Mounce actually filed the application he had been returned to the TDC Ellis Unit in Walker County, Texas, which is located in the Southern District of Texas. He remains in confinement in the Ellis Unit. Accordingly, the district court acted correctly in dismissing appellant's petition for want of jurisdiction.

Affirmed.

* Rule 18, 5th Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.