**Albert S. MOUNCE, Petitioner-Appellant,**

v.

**Troy KNIGHTEN, Texas Dept. of Corrections, Railroad Project, Maydelle, Texas, Respondent-Appellee.**

No. 74–1552.

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1974.

968

Albert S. Mounce, pro se.

John L. Hill, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

ON PETITION FOR REHEARING

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Petition for rehearing was duly filed by petitioner-appellant, to which respondent-appellee filed his brief in opposition. The petition for rehearing is'

---

1. Appellant explains the Walker County notarization of his original habeas petition with the allegation that while at Maydelle he

granted and the original panel opinion dated August 9, 1974, is withdrawn.

In our original opinion in the case *sub judice*, Mounce v. Knighten, 5 Cir. 1974, 498 F.2d 1087, we affirmed the district court's order dismissing appellant's petition for habeas corpus for want of jurisdiction. We based our decision on our understanding—shared by the able district judge—that by the time petitioner-appellant filed his petition in the U.S. District Court for the Eastern District of Texas, he was no longer in custody in that district, and thus could not comply with the requirement of 28 U.S.C. § 2241(d). In his petition for rehearing, however, appellant alleges additional facts which, if true, may call for a different conclusion regarding the proper jurisdiction over this case.

Petitioner-appellant has consistently used as a mailing address "Route 3, Ellis Unit, Huntsville, Texas 77340," and it is clear beyond any doubt that he spends some of his time at the Texas Department of Corrections Ellis Unit, located in Walker County, in the Southern District of Texas. He now alleges that he spends only weekends at that location; according to his affidavit attached to the petition for rehearing, he spends most of every week—from 6:30 a. m. Monday through 2:00 p. m. Thursday—with the TDC's Railroad Project at Maydelle, Cherokee County, in the Eastern District of Texas.[1] Other papers attached to the petition for rehearing also indicate that appellant is currently assigned to this Maydelle project, constructing a railroad for the Texas Parks and Wildlife Department.

It is undisputed that Troy Knighten of the Maydelle Project, the named respondent-appellee, is within the territorial jurisdiction of the court below, as required by 28 U.S.C. § 2241(a). Braden v. 30th Judicial Circuit Court of Kentucky, 1973, 410 U.S. 484, 495, 93 S.Ct. 1123, 1129–1130, 35 L.Ed.2d 443, 452–

is unable to send or receive "legal mail" or have access to a notary public.

453; *see* R. Sokol, A Handbook of Federal Habeas Corpus § 7 at 42 (1965); Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1167 (1970). Thus the most immediate question raised by appellant's allegations is whether respondent-appellee Knighten is a proper respondent. 28 U.S.C. § 2242 requires that the application for the Great Writ "shall allege . . . the name of the person who has custody over [the applicant] . . . ;" and 28 U.S.C. § 2243 provides that the writ or the order to show cause why the writ should not be granted "shall be directed to the person having custody of the person detained."

In Wales v. Whitney, 1885, 114 U.S. 564, 574, 5 S.Ct. 1050, 1055, 29 L.Ed. 277, 280, the Supreme Court noted that the Congressional legislation relating to the writ

> contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.

Thus, the respondent "must be the petitioner's immediate custodian [and] . . . must have the power to produce the body of the petitioner before the court and, ultimately, to discharge him from custody." R. Sokol, *supra,* at 39; *accord,* Developments, *supra,* at 1166–67. Obviously, in cases involving petitioners actually confined pursuant to a conviction courts have usually identified as the proper respondent the warden of the penitentiary in which the petitioner is held rather than some higher or supervisory authority of the sovereign. West v. State of Louisiana, 5 Cir. 1973, 478 F.2d 1026, 1029 n. 1, en banc decision pending; Sanders v. Bennett,

1945, 80 U.S.App.D.C. 32, 148 F.2d 19, 20; *cf.* Jones v. Biddle, 8 Cir. 1942, 131 F.2d 853, 854. Whether that is also true in the case at bar is a more difficult question.

We have no doubt that appellant is within appellee's "immediate custody" for at least a significant portion of the week. On the record before us, however, we cannot determine the relationship between the Monday-Thursday custodian and the Thursday-Sunday custodian; thus we do not know whether appellee Knighten has the authority to produce appellant in court or to release him should the court so order. Accordingly, we must vacate both the district court's dismissal order and our prior affirmance of it, and remand the case for an investigation of the facts pertaining to jurisdiction.[2]

Vacated and remanded.

---

2. It may be, of course, that the facts of this case will identify two "custodians" within the statutory meaning of the term. It may also be that even if not a "custodian" within the statutory sense, appellee Knighten is an agent of the proper respondent, whose presence in the Eastern District of Texas might allow that court to exercise jurisdiction over appellee's principal.

