**Leroy G. BUHL, Plaintiff,**

v.

**Glen R. JEFFES, Superintendent, State Correctional Institution at Dallas, Pennsylvania, Defendant.**

Civ. No. 77–695.

United States District Court,
M. D. Pennsylvania.

Aug. 16, 1977.

ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Buhl, presently an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed this action pursuant to 42

U.S.C. § 1983 claiming that he has repeatedly been physically and sexually abused with the consent of prison officials and, as a result, has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. He originally filed this action against the Warden of the Schuylkill Prison, the Superintendent of the State Correctional Institution at Graterford, Pennsylvania, and Defendant Jeffes in the United States District Court for the Eastern District of Pennsylvania. An Order dated July 28, 1977 and signed by the Honorable Raymond J. Broderick, District Judge, transferred the case as to Defendant Jeffes to the Middle District of Pennsylvania purportedly pursuant to 28 U.S.C. § 1406(a). Because this Court is convinced that the transfer was improper, it will not accept the transfer of this case and will retransfer it to the Eastern District of Pennsylvania.

■ A United States District Court has jurisdiction over a claim filed pursuant to 42 U.S.C. § 1983 under 28 U.S.C. § 1343. Because this statute contains no specific venue provision, the general venue requirements of Title 28 are applicable to this suit. 28 U.S.C. § 1391(b) states that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside or in which the claim arose. 28 U.S.C. § 1392, however, qualifies this rule with respect to Defendants or property in different districts in the same state. § 1392(a) states that any civil action not of a local nature against Defendants residing in different districts in the same state may be brought in any such district. In *Hawks v. Md. and Pa. R. Co.*, 90 F.Supp. 284, 285 (E.D.Pa.1952), the Court stated that § 1392(a) is invoked "only in those intrastate situations when the general venue statute would force the plaintiff to bring two or more suits." Because the general venue statute, 28 U.S.C. § 1391 would require separate suits to be maintained in this case since Defendant Jeffes is a resident of the Middle District of Pennsylvania and the claim apparently has arisen in this district, § 1392(a) is applicable. This case is factually similar to *Crandall v. Conole*, 230 F.Supp. 705 (E.D.Pa.1964), where suit was brought against six defendants, five of whom resided in the Middle District of Pennsylvania and one of whom resided in the Eastern District. The Court held that under § 1392(a), venue was proper in the Eastern District. 230 F.Supp. at 711. *See also Action Alliance for Senior Citizens v. Shapp*, 400 F.Supp. 1208, 1214 n.19 (E.D.Pa.1975). The United States Court of Appeals for the Third Circuit stated in *Sinwell v. Shapp*, 536 F.2d 15, 17 (3d Cir. 1976), that "where . . . all defendants reside within the state but in different districts, 1392(a) permits venue in any district where one or more defendants reside." Therefore, this Court is unable to agree with Judge Broderick's determination that venue in the Eastern District of Pennsylvania was improper. The claims asserted by Buhl against the three defendants may be improperly joined but that issue is covered by F.R.Civ.P. 20 and does not present a venue problem.

■ 28 U.S.C. § 1406(a) states that the district court of a district in which is filed a case laying venue in the wrong district shall either dismiss the case or transfer it to any district or division in which it could have been brought. It is clear that before a transfer under § 1406(a) can occur, a case must have been filed in a district where venue was improper. Since this fundamental prerequisite for transfer has not been met in this case, this Court concludes that the transfer was improper.

■ In the absence of definitive authority authorizing this Court to make an independent determination as to the propriety of the transfer, the Court would be hesitant to substitute its judgment on the question of venue for that of the District Court of the Eastern District. However, in *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) involving the transfer of a case under 28 U.S.C. § 1404(a), the Court noted that principles of res judicata do not apply to transfer orders because they are interlocutory, not made upon the mer-

**1152**

its, and are entered by courts of coordinate jurisdiction. 363 U.S. at 340, n.9, 80 S.Ct. 1084. In *Ferri v. United Aircraft Corp.*, 357 F.Supp. 814 (D.Conn.1973), the District Court for the District of Connecticut re-transferred a case which it received from the Southern District of Florida on the ground that the original transfer was improper. The Court noted that the Supreme Court's decision in *Blaski* "holds that a district court to which an action has been improperly transferred should return the case . . . ." 357 F.Supp. at 816. Moreover, this Court is unable to determine from the record whether before the district court for the Eastern District of Pennsylvania ordered the transfer sua sponte notice and an opportunity to be heard were given to all the parties. This failure may preclude the entry of a valid order of transfer, see *Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267, 274 (3d Cir. 1962), although the application of that case, decided under 28 U.S.C. § 1404(a), to this situation is not clear.

For the foregoing reasons, this Court will enter an order pursuant to 28 U.S.C. § 1404(a) transferring Buhl's claim against Defendant Jeffes back to the United States District Court for the Eastern District of Pennsylvania.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The case of *Buhl v. Jeffes*, Civil No. 77-695, is transferred to the United States District Court for the Eastern District of Pennsylvania.

2. The Clerk of Court shall send the record in this case to the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania.