**Abdul Hakim BASHIR a/k/a William T. Fullwood**

**v.**

**U. S. ATTORNEY GENERAL et al.**

**Civ. A. No. 81–0059–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 10, 1981.

Abdul Hakim Bashir, pro se.

No Asst. U. S. Atty. assigned.

**MEMORANDUM AND ORDER**

WARRINER, District Judge.

On 7 January 1980, Abdul Hakim Bashir, also known as William T. Fullwood, filed this *pro se* habeas corpus action under 28 U.S.C. § 2241 in the U.S. District Court for the Middle District of Pennsylvania. By order of 13 January 1981, the case was transferred to the U.S. District Court for the Eastern District of Virginia. For the reasons set forth below, the Court believes that the transfer was improper, that this Court may not proceed to the merits of petitioner's claim, and that the case should be transferred back to the Middle District of Pennsylvania.

## Background

On 14 September 1979, the U.S. District Court for the District of Columbia sentenced petitioner for a violation of Title 33, Section 402 of the D.C.Code. Consequently, petitioner was removed from the District of Columbia Jail, where he was being detained for violation of parole, and was placed in the U.S. Penitentiary in Lewisburg, Pennsylvania. Petitioner filed this action in the Middle District of Pennsylvania on 7 January 1980, claiming that he was entitled to a hearing prior to his removal from the District of Columbia Jail to the U.S. Penitentiary in Lewisburg. Petitioner named the U.S. Attorney General and the Warden of the U.S. Penitentiary in Lewisburg as respondents. Respondents' Answer was filed on 24 March 1980.

On 2 December 1980, petitioner informed the District Court in Pennsylvania that he was scheduled to be transferred to the Federal Correctional Institution at Petersburg, Virginia. Petitioner sought approval of his transfer pursuant to a policy of the Lewisburg officials that inmates with pending cases obtain the approval of either the District Court or the U.S. Attorney prior to their transfers.

On 29 December 1980, the District Court in Pennsylvania approved the proposed transfer. Petitioner was advised, however, that:

> a federal district court has jurisdiction to entertain a petition for a writ of habeas corpus only if it is sitting in the district where either the prisoner is confined or the custodian is located. Accordingly, since the proposed transfer would take you out of the Middle District of Pennsylvania, the Court would have no choice but to transfer the case to the Eastern District of Virginia, the district of confinement, for disposition by that Court.

Letter to petitioner, filed 16 December 1980. In response to this advice, petitioner requested that the case be transferred to the Eastern District of Virginia. Amended Affidavit, filed 23 December 1980. Citing 28 U.S.C. § 1404(a), the District Court granted the motion to transfer on 13 January 1981.

## The Transfer

■ The order of 13 January 1981 reflects the Pennsylvania District Court's belief both that the Eastern District of Virginia was a proper transferee court and that this action could not proceed in the Middle District of Pennsylvania without petitioner's physical presence. With the utmost respect and with great reluctance, this Court has come to contrary conclusions regarding both points of law.

### A.

28 U.S.C. § 1404, provides in part:

> Change of Venue: (a) For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division <u>where it might have been brought</u>.

(Emphasis added). The underlined words limit the power of the transferor court to relocate an action. It is well-settled that a transfer to another court, under § 1404(a), is proper only if the plaintiff had an unqualified right to bring the action in the transferee court at the time the original action was commenced. In *Shutte v. Armco Steel Corporation*, 431 F.2d 22 (3rd Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808, the Court was asked to grant a writ of mandamus to compel a judge of the U.S. District Court for the Western District of Pennsylvania to vacate his order transferring an action to the Western District of Missouri. Commenting on the transfer order, the Third Circuit stated:

> No mention was made of Subsection 1404(a)'s limiting provision to the effect that a transfer is authorized by the statute only if the plaintiff had an "unqualified right" to bring the action in the transferee forum at the time of the commencement of the action; i. e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants. *Van Dusen v.*

*Barrack* [, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)]; *Hoffman v. Blaski* [, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)]. Prior to ordering a transfer the district court must make a determination that the suit could have been rightly started in the transferee district. *Jones v. Valley Welding Supply Company,* 303 F.Supp. 9 (W.D.Pa.1969). If there is a "real question" whether a plaintiff could have commenced the action originally in the transferee forum, *Leyden v. Excello Corporation,* 188 F.Supp. 396 (D.N.J. 1960), it is evident that he would not have had an unqualified right to bring his cause in the transferee forum.

*Id.,* at 24. The requested writ of mandamus was issued, directing the respondent judge to vacate and set aside his transfer order.

■ As stated in *Shutte,* petitioner's right to bring the action in the transferee court is tested as of the time the action was commenced in the transferor court, not as of the time of the transfer. In *Hoffman v. Blaski, supra,* the petitioners argued that "the phrase 'where it might have been brought' should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer." 363 U.S. at 343, 80 S.Ct. at 1089, 4 L.Ed.2d at 1261. That argument was rejected by the Supreme Court:

> [W]e think the dissenting opinion of Judges Hastie and McLaughlin in *Paramount Pictures, Inc. v. Rodney,* 186 F.2d 111 (CA 3d Cir.), correctly answered this contention:
>
> > 'But we do not see how the conduct of a defendant after suit has been instituted can add to the forums where "it might have been brought." In the normal meaning of words this language of § 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted.'

363 U.S. at 343, 80 S.Ct. at 1089, 4 L.Ed.2d at 1261. Thus, this action should not have been transferred to the Eastern District of Virginia unless petitioner could have brought the petition here on 7 January 1980, the date upon which it was filed in the Middle District of Pennsylvania.

This action was brought under 28 U.S.C. § 2241[1], which provides, in part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions.*

(Emphasis added). Because of the jurisdictional limitation, the Eastern District of Virginia is without power to grant a writ of habeas corpus unless it has jurisdiction over the applicant's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

> Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

410 U.S. at 494–495, 93 S.Ct. at 1129–1130, 35 L.Ed.2d at 452–453.

Petitioner's immediate custodian on 7 January 1980 was respondent Fenton, the Warden of the U.S. Penitentiary in Lewisburg, Pennsylvania. Nothing in the record suggests that respondent Fenton was, on 7 January 1980, amenable to the process of this Court. Further, there is some authority holding that respondent Fenton was a necessary party at the time of commencement of this action.

---

1. Although the face of the petition indicates that petitioner sought both a writ of habeas corpus, under 28 U.S.C. § 2241, and a writ of mandamus, under 28 U.S.C. § 1651, the Middle District of Pennsylvania processed the petition as a request for habeas relief only. See Order of 24 December 1980. This Court will not review the Middle District's construction of the *pro se* petition.

28 U.S.C. § 2242 requires that the application for the Great Writ "shall allege . . . the name of the person who has custody over [the applicant] . . .;" and 28 U.S.C. § 2243 provides that the writ or order to show cause why the writ should not be granted "shall be directed to the person having custody of the person detained."

In *Wales v. Whitney*, 1885, 114 U.S. 564, 574, 5 S.Ct. 1050, 1055, 29 L.Ed. 277, 280, the Supreme Court noted that the Congressional legislation relating to the writ

> contemplate [sic] a proceeding against some person who has the immediate custody of the party detained with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.

Thus, the respondent "must be the petitioner's immediate custodian [and] . . . must have the power to produce the body of the petitioner before the court and, ultimately, to discharge him from custody." [Citation omitted].

*Mounce v. Knighten*, 503 F.2d 967, 969 (5th Cir. 1974). *Accord: Gaito v. Strauss*, 368 F.2d 787, 788 (3rd Cir. 1966), *cert. denied*, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139 (1967) ("District Court could not treat his civil rights complaint as a petition for habeas corpus since the warden of the state prison in which the appellant was incarcerated was not a party . . ."); *Billiteri v. U. S. Board of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976) (Court lacked jurisdiction where Warden of Federal Penitentiary at Lewisburg, Pennsylvania, where Billiteri was incarcerated, was never named as a respondent in the proceedings).

Moreover, even if the Court adopts a broader interpretation of the term "custodian," jurisdiction over this action was lacking on 7 January 1980. In *Schlanger v. Seamans*, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971), the Court held that the District of Arizona lacked jurisdiction over a habeas action brought by an enlisted man under the custody of the commanding officer at Moody Air Force Base in Georgia because neither the custodian nor one in the chain of command was a resident of Arizona or amenable to the process of the Arizona district court.

*Schlanger* was refined somewhat in *Strait v. Laird*, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972). Strait was an Army Reserve Officer whose active duty obligations were deferred while he went to law school. Strait's "nominal commanding officer" was the Commanding Officer of the Reserve Officer Components Personnel Center at Fort Benjamin Harrison, Indiana. Strait was domiciled in California and was never in Indiana or assigned there. Shortly before he was to report for active duty, he filed an application for discharge as a conscientious objector. The application was processed at Fort Ord, California. Fort Ord recommended discharge, but that recommendation was disapproved by the authorities in Indiana. Strait then filed a petition for a writ of habeas corpus in the District Court for the Northern District of California. The issue before the Supreme Court was whether the District Court in California had jurisdiction. The Court held:

> Strait's commanding officer is 'present' in California through the officers in the hierarchy of the command who processed this serviceman's application for discharge. To require him to go to Indiana where he never has been or assigned to be [sic] would entail needless expense and inconvenience. . . . The concepts of 'custody' and 'custodian' are sufficiently broad to allow us to say that the commanding officer in Indiana, operating through officers in California in processing petitioner's claim, is in California for the limited purposes of habeas corpus jurisdiction.

406 U.S. at 345, 92 S.Ct. at 1695, 32 L.Ed.2d at 145.

In the broadest sense, the Attorney General of the United States is petitioner's custodian. 18 U.S.C. § 4082(a). The Director of the Bureau of Prisons, who is appointed by the Attorney General and serves directly under him, might also be considered petitioner's custodian. 18 U.S.C.

§ 4041. Moving on down the chain of command, the Director of the Northeast Regional Office, located in Philadelphia, Pennsylvania, or his subordinate, the Regional Designation Administrator, might be considered petitioner's custodian. The record does not reflect that any of these individuals can be found within the Eastern District of Virginia. The record also does not reflect that any of them has ever had any contact with petitioner in the Eastern District of Virginia. Thus, even under the broad interpretation of "custodian" in *Strait v. Laird*, the Court must conclude that it lacked jurisdiction over this action on 7 January 1981.

That this Court lacked jurisdiction at the time this suit was initiated makes sense empirically as well. The only Bureau of Prisons institution located in the Eastern District of Virginia is the Federal Correctional Institution in Petersburg. If jurisdiction were to lie in the Eastern District of Virginia simply because the Bureau of Prisons maintains an institution here, then jurisdiction would lie in any district in which one of the fifty institutions, camps and community centers [2] is located. Congress would never have intended such a result.

The Court concludes, therefore, that the Eastern District of Virginia is not a district where this action "could have been brought." The transfer to the Eastern District of Virginia was improper.

### B.

The Third Circuit Court of Appeals will not readily interpret federal laws in a manner which leaves the petitioner without a forum to present his habeas corpus action. Thus, in *Ali v. Gibson*, 572 F.2d 971 (3rd Cir. 1978), the Court interpreted the Virgin Islands Code to avoid leaving petitioner without a forum. A contrary result "would be undesirable under modern jurisprudence." *Id.* at 975. Likewise, this Court, in refusing to hear the merits of this action, would find it undesirable to place petitioner in a position of having to litigate his claims anew every time the Attorney General or his sub-

ordinates chose to transfer him to a facility in a different district. The Court concludes that such a result will not occur because the Middle District of Pennsylvania has not lost jurisdiction over this action.

The leading case in this area is *Ex parte Endo*, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944). Ms. Endo, a loyal U.S. citizen of Japanese ancestry was evacuated from Sacramento, California in 1942, and was placed in a War Relocation Center at Newell, Modoc County, California. While there, she filed a petition for a writ of habeas corpus in the Northern District of California asking that she be discharged and restored to her liberty. The petition was denied and an appeal was perfected to the Court of Appeals. Shortly thereafter, Endo was transferred to a relocation center in Utah. The Supreme Court concluded that her detention was illegal and then addressed the question of whether the District Court for the Northern District of California had lost jurisdiction to grant the writ because of the fact that while the case was pending in the Court of Appeals Endo was transferred to Utah. The Court concluded:

> We only hold that the District Court acquired jurisdiction in this case and that the removal of Mitsuye Endo did not cause it to lose its jurisdiction where a person in whose custody she is remains within the district.
>
> There are expressions in some of the cases which indicate that the place of confinement must be within the Court's territorial jurisdiction in order to enable it to issue the writ. [Citations omitted]. But we are of the view that the court may act if there is a respondent within reach of its process who has custody of the petitioner.

323 U.S. at 305–306, 65 S.Ct. at 219, 220, 89 L.Ed. at 257–258. Thus, even if the petition is moot as to Warden Fenton, who now appears powerless to order petitioner's transfer or release, the Middle District retains jurisdiction so long as "an appropriate respondent" with the power "to do all

2. *Facilities 1980*, 1980 U.S. Department of Justice, Federal Prison system.

things necessary to bring the case to final adjudication" is within the reach of the court's process. *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, 291 (1963). This principle has been recognized by the Third Circuit. *Meck v. Commanding Officer*, 452 F.2d 758, 761–762, n.11 (3rd Cir. 1971).

There is no question that an appropriate respondent remains within the reach of the Middle District's process since the Attorney General of the United States is already a party to, this action. The petition clearly named the Attorney General as a respondent. The order of 26 February 1980, although apparently directed to Warden Fenton alone, recognizes the Attorney General as a "defendant." Furthermore, all of the documents submitted by the United States Attorney are on behalf of the "defendants" or "respondents." The Attorney General has never claimed that the Middle District did not have personal jurisdiction over him or that service of process was defective.

That this *pro se* litigant happened to name the Attorney General in his petition and that the Attorney General has not objected seems a fortuitous circumstance upon which to rest the conclusion that the Middle District retains the power to grant the writ. Indeed, the Court concludes that the result would have been the same had the Attorney General not been so named. After concluding in *Strait v. Laird* that the Commanding Officer of the Reserve Officer Components Personnel Center at Fort Benjamin Harrison, Indiana, was "present" in California through the officers in the hierarchy of command, the Court noted:

> That such 'presence' may suffice for personal jurisdiction is well settled ..., and the concept is also not a novel one as regards habeas corpus jurisdiction. In *Ex parte Endo* [citation omitted], we said that habeas corpus may issue 'if a respondent who has custody of the prisoner is within reach of the court's process....' Strait's commanding officer is 'present' in

California through his contacts in that State; he is therefore 'within reach' of the federal court in which Strait filed his petition.

406 U.S. at 345 n.2, 92 S.Ct. at 1695 n.2, 32 L.Ed.2d at 145, n.2. Similarly, the Attorney General was present within the Middle District of Pennsylvania through his contacts with petitioner and petitioner's immediate custodian.[3] The Attorney General was, therefore, "within reach" of the Middle District.[4]

### Retransfer

Because petitioner is now confined within the Eastern District of Virginia, the Court presently has jurisdiction over this action. *Braden, supra.* Nevertheless, the congressional intent embodied in 28 U.S.C. § 1404(a) would be frustrated if this Court were to proceed to a disposition of the merits of petitioner's claim.

■ The transfer order of 13 January 1981 may not be reviewed by this Court directly. However, indirect review of a transfer order may be appropriate under certain circumstances.

> Transferee courts have expressed a strong reluctance to review a transfer order indirectly by means of a motion to retransfer, but they will do so if the contention is that the transferor court lacked power to order the transfer rather than merely that the transferor court abused its discretion in applying the statute [28 U.S.C. § 1404(a)].

Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction § 3845. Thus, when a transferee court concludes that the transfer was improper, the appropriate course of action is to retransfer the case back to the transferor court. This is the practice followed in the Middle District of Pennsylvania. In *Buhler v. Jeffes*, 435 F.Supp. 1149 (M.D.Pa.1977), the Court concluded that a transfer from the Eastern

---

3. *Accord: Meck v. Commanding Officer*, 452 F.2d at 762–763.

4. For a case which applies virtually all of the principles discussed in the foregoing portion of this memorandum, See *McCoy v. U. S. Board of Parole*, 537 F.2d 962 (8th Cir. 1976).

District of Pennsylvania under 28 U.S.C. § 1406(a) was improper. The Court then remarked:

> In the absence of definitive authority authorizing this Court to make an independent determination as to the propriety of the transfer, the Court would be hesitant to substitute its judgment on the question of venue for that of the District Court of the Eastern District. However, in *Hoffman v. Blaski* [citation omitted], involving the transfer of a case under 28 U.S.C. § 1404(a), the Court noted that principles of res judicata do not apply to transfer orders because they are interlocutory, not made upon the merits, and are entered by courts of coordinate jurisdiction. [citation omitted]. In *Ferri v. United Aircraft Corp.*, 357 F.Supp. 814 (D.Conn. 1973), the District Court for the District of Connecticut retransferred a case which it received from the Southern District of Florida on the ground that the original transfer was improper. The Court noted that the Supreme Court's decision in *Blaski* 'holds that a district court to which an action has been improperly transferred should return the case . . .' 357 F.Supp. at 816.

435 F.Supp. at 1151–1152.[5]

Accordingly, it is hereby ORDERED that this case be TRANSFERRED to the U.S. District Court for the Middle District of Pennsylvania.

---

5. Having subject matter jurisdiction, the Eastern District of Virginia has the power to transfer this case back to the Middle District of Pennsylvania. *Cf. Central G.M.C., Inc. v. E. T. & T. Leasing, Inc.*, 371 F.Supp. 437, 438 (D.Md. 1974) (suggesting that transferee court lacking subject matter jurisdiction also lacks power to transfer case back to transferor court). Additionally, there can be no doubt that the Middle District of Pennsylvania is a district court where the action "might have been brought." 28 U.S.C. § 1404(a).