**Michael Wayne KING, Petitioner,**

v.

**James A. LYNAUGH, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. A–89–CA–1102.**

United States District Court, W.D. Texas, Austin Division.

Jan. 12, 1990.

58

Michael King, pro se.

W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., for respondent.

### ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this date to be considered, *sua sponte*, the status of this action. Petitioner brought this action pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of Texas, Amarillo Division. Petitioner is presently serving a 15–year sentence in the Texas Department of Corrections as a result of a conviction in the 181st District Court of Potter County, Amarillo, Texas, which is located in the Northern District of Texas. In his § 2254 petition, Petitioner complains that the Texas Board of Pardons and Paroles rescinded a "tentative parole," and failed to give Petitioner reasons for the denial of his parole.

The U.S. District Court for the Northern District of Texas determined that Petitioner's petition should properly be considered as an application for habeas corpus relief under 28 U.S.C. § 2241, as it did not involve the constitutionality of either his conviction or sentence. The District Court then determined that jurisdiction was appropriate in the United States District Court for the Western District of Texas, Austin Division. The basis of this decision was the Court's determination that a transfer would be in the interest of justice and for the convenience of parties and witnesses as the Texas Board of Pardons and Paroles and its records pertaining to Petitioner's parole status are located in their offices in Austin.

The proper vehicle to review the decision of a parole authority is 28 U.S.C. § 2241. *Blau v. United States*, 566 F.2d 526 (5th Cir.1978). Section 2241(d) provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the *other* district court for hearing and determination (emphasis added).

As noted above, Petitioner is presently incarcerated in the Texas Department of Corrections. The case file indicates that he is confined in the Ellis I Unit, Walker County, Texas, which is located in the *Southern* District of Texas. Jurisdiction, therefore, under the statute is appropriate in either the Northern District of Texas, where Petitioner was convicted, or the Southern District of Texas, where Petitioner is in custody.

The authority of a court to hear an application for a writ of habeas corpus is found in 28 U.S.C. § 2241(a) which provides:

Writ of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

To entertain such a petition, the district court must have jurisdiction over either the prisoner or his custodian. *United States v. Brown,* 753 F.2d 455 (5th Cir.1985). The writ does not work upon the prisoner seeking relief, "but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). Therefore, jurisdiction is appropriate so long as the custodian can be reached by service of process, even though the prisoner may be confined outside the court's territorial jurisdiction. *Id.* at 495, 93 S.Ct. at 1129.

At least two circuits have determined that the United States Parole Commission is properly considered a prisoner's custodian for jurisdictional purposes under § 2241. *See Dunn v. United States Parole Commission,* 818 F.2d 742 (10th Cir.1987); *Gravink v. United States,* 549 F.2d 1152 (8th Cir.1977). Other circuits have disagreed with this analysis, determining that the custodian is the warden of the facility in which the prisoner is incarcerated in a § 2241 action even though the prisoner may be complaining of actions taken by the Parole Commission. *See Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988), *en banc; Billiteri v. United States Board of Parole,* 541 F.2d 938 (2nd Cir.1976).

Unlike the present action, the aforementioned cases all dealt with federal prisoners complaining of actions of the United States Parole Commission and did not address whether the decisions were applicable to petitions challenging the actions of a state parole board. The Fifth Circuit does not appear to have specifically addressed the question of whether a parole authority, state or federal, may be considered a prisoner's custodian for jurisdictional purposes.

In Fifth Circuit cases in which the Petitioner complains of actions taken by the Parole Commission, the Court has addressed the issue of jurisdiction and has held that "such a complaint should be raised through a § 2241 motion filed in the district court where the prisoner is confined." *United States v. Smith,* 844 F.2d 203, 207 (5th Cir.1988). *See also Griffin v. Leonard,* 821 F.2d 1124, 1125 (5th Cir. 1987); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985); *Blau v. United States,* 566 F.2d 526, 527 (5th Cir.1978). None of these cases addresses the propriety of jurisdiction in the district where the Parole Commission is located, nor is there any discussion as to whether the Parole Commission should be considered the Petitioner's actual custodian.

The Congressional legislation related to § 2241 contemplates a proceeding against the person who has immediate custody over the prisoner, who has the power to produce the body of the prisoner before the Court or judge and ultimately discharge him from custody. *Mounce v. Knighten,* 503 F.2d 967 (5th Cir.1974), *citing Wales v. Whitney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 1054–1055, 29 L.Ed. 277 (1885). The view of the Second Circuit reflects this legislative history.

There are, to be sure, circumstances where a parole board may properly be considered a custodian for habeas corpus purposes, e.g., after a prisoner has been released into its custody on parole or arguably, when the Board itself has caused a parolee to be detained for violation of his parole. But it would stretch the meaning of the term beyond the limits thus far established by the Supreme Court to characterize the Parole Board as the "custodian" of a prisoner who is under the control of a warden and confined in a prison, and who is seeking in a habeas corpus action, to be released from precisely that term of confinement. At that point, the prisoner's relationship with the Parole Board is based solely on the fact that it is the decision-making body which may, in its discretion, authorize a prisoner's release on parole.

*Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2nd Cir.1976). None of

the situations listed above is present in this case, nor has the Petitioner named the Parole Commission as his custodian or argued that the Parole Commission should be considered as such. Therefore, the Court is of the opinion that the proper custodian is that named in Petitioner's Complaint—the Director of the Texas Department of Corrections. As a result, jurisdiction is not proper in the Western District of Texas as Petitioner is in custody within the Southern District of Texas.

Part of the Amarillo Court's decision to transfer this action to the Western District of Texas was based upon 28 U.S.C. § 1404(a), which provides that for the convenience of parties and witnesses, in the interest of justice, a civil action may be transferred to any other district where it might have been brought. Under this standard, this Court is of the opinion that this action should be transferred to the Southern District of Texas where the Petitioner is in custody. Accordingly, it is

ORDERED that this case be and is hereby transferred to the United States District Court for the Southern District of Texas.