Kathleen PIERCE, Special Administratrix of the Estate of Alberto Eduardo Rojas, et al., Plaintiffs,

v.

**ATLAS POWDER COMPANY, Defendant.**

Civ. A. No. 76–265.

United States District Court, D. Delaware.

March 15, 1977.

80

Ben T. Castle of Young, Conaway, Stargatt & Taylor, Wilmington, Del., and Milton M. Borowsky, of Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiff.

Januar D. Bove, Jr. of Connolly, Bove & Lodge, Wilmington, Del., and George H. Kolb and Joe B. Harrison of Wynne & Jaffe, Dallas, Tex., of counsel, for defendant.

LATCHUM, Chief Judge.

Plaintiff Kathleen Pierce has brought this action against the defendant Atlas Powder Company on behalf of the estates of four individuals who were killed in an explosion aboard the U.S. Thor, a dredging barge engaged in blasting subaqueous rock formations in the navigable waters of the Panama Canal. The complaint alleges that the defendant is responsible in money damages to the decedents' estates because the defendant negligently manufactured and sold defective explosive products which were the proximate cause of the decedents' fatal injuries. Jurisdiction is conferred on this court by 28 U.S.C. § 1332 and venue is proper under 28 U.S.C. § 1391(c).

Presently before the Court is the defendant's motion to transfer this case to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1404(a).[1] The plaintiff, in addition to opposing the defendant's motion to transfer, has countermoved to transfer the case to the District Court for the Canal Zone, Panama.[2]

---

1. The defendant also filed a motion to dismiss (Docket Item 5) which is held in abeyance pending disposition of the motion to transfer. *See* Docket Item 9.

2. Section 1404(d) makes the District Court for the Canal Zone a district or division for purposes of 28 U.S.C. § 1404(a).

In order to transfer a case pursuant to 28 U.S.C. § 1404(a) the Court must make two determinations. First, the moving party must clearly show that the transferee forum is one in which the plaintiff had the right to bring the action at the time suit was commenced in this court. *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (C.A.3, 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Funnelcap, Inc. v. Orion Industries, Inc.,* 392 F.Supp. 938 (D.Del.1975). Second, the moving party must also show that the convenience of the parties, the convenience of witnesses, and the interests of justice require the action to be transferred. *Funnelcap, Inc. v. Orion Industries, Inc., supra; Aetna Casualty & Surety Co. v. Singer-General Precision, Inc.,* 323 F.Supp. 1141 (D.Del.1971).

## I. PLAINTIFF'S MOTION TO TRANSFER [3]

The plaintiff contends that this case warrants transfer to the Canal Zone because the decedents and their dependents and representatives are residents of the Republic of Panama and because eyewitnesses to events preceding the accident, which occurred in Canal Zone waters, reside in either the Republic of Panama or the Canal Zone. In addition, the plaintiff contends that personnel of the Panama Canal Company who have knowledge of how the explosives were stored and handled, and members of the Canal Zone Police Department who investigated the incident, reside in the Canal Zone or in Panama.

Although transfer of this case undoubtedly would be more convenient for plaintiff's witnesses residing in or near the Canal Zone, this Court is of the opinion that transfer there is inappropriate because the plaintiff has not made an adequate showing that she had an "unqualified right" to originally bring this action in the Canal Zone. *Hoffman v. Blaski, supra; Shutte v. Armco Steel Corp.,* 431 F.2d at 24. On the basis of uncontroverted affidavits establishing that the defendant maintains no office or resident agent in the Canal Zone and that the defendant is neither incorporated nor licensed to do business there,[4] it appears unlikely that the defendant would be amenable to process issued out of the District Court for the Canal Zone. Thus, there is a very real question whether the plaintiff could have obtained jurisdiction in the Canal Zone over the defendant. *See Shutte v. Armco Steel Corp., supra; Leyden v. Excello Corp.,* 188 F.Supp. 396 (D.N.J.1960).

Nor is the Court's belief that this action could not have been brought in the Canal Zone shaken by the plaintiff's assertion that the scope of the defendant's business activities there would enable the transferee-court to exercise jurisdiction over the defendant.[5] It is undisputed that the contractual negotiations with respect to sales of the defendant's products, as well as the actual sale and transfer of title, occur wholly within the continental United States. And although the defendant's sales manager has made an occasional trip to inspect storage facilities in the Canal Zone, these trips were made at the request of the buyer, the Panama Canal Company, and did not involve solicitation of orders or promotional activities. In short, the record does not support a finding that the defendant was or is doing business in the Canal Zone for purposes of service of process or jurisdiction.

Therefore, since the Court cannot conclude on the basis of the developed record that the Canal Zone is a district where the

---

3. Even though the original choice of this forum was plaintiff's and is accorded paramount consideration on a motion to transfer, *Shutte v. Armco Steel Corp., supra,* the plaintiff is not precluded from seeking transfer to a different district or division. *Ziegler v. Dart Industries, Inc.,* 383 F.Supp. 362, 363 n. 3 (D.Del.1974).

4. Docket Items 7 and 14.

5. In addition, the plaintiff's eleventh hour effort to denominate her claim as maritime and within the admiralty jurisdiction of the District Court for the Canal Zone is unavailing because the complaint alleges diversity of citizenship

action might have been brought, the plaintiff's transfer motion will be denied.

## II. DEFENDANT'S MOTION TO TRANSFER[6]

■ The defendant argues that this case warrants transfer to Dallas, Texas and has made the following representations of fact in sworn affidavits. Incorporation under Delaware law and the maintenance of a sales office in Wilmington are the defendant's only contacts with this forum. The defendant's principal place of business and its corporate headquarters are located in Dallas, Texas. The explosives used aboard the dredging barge at the time of the incident in question were manufactured at defendant's plant in Joplin, Missouri;[7] records concerning the manufacturing process, characteristics and properties of the explosives, and safety inspection reports are maintained at company offices in Dallas or at the plant site.[8] In addition, prospective witnesses competent to testify relative to the manufacturing, storage and sale of the explosives are either stationed in Dallas or required to regularly report there.[9]

The plaintiff, defending her choice of forum, argues that the defendant's proposed transfer to Dallas will effectively deprive her of counsel of her choosing and only serves the interests of the defendant without a corresponding benefit to her.

On the current record, however, this Court is persuaded that the scales of convenience are strongly tipped in favor of transferring this case to Dallas. Of the two available forums, here and Texas, the latter is clearly the most convenient place to try the issues relative to the defendant's alleged liability. In the first place, Dallas is geographically closer to the Canal Zone, where the claim arose, than is Delaware.

Common sense, therefore, suggests that the witnesses residing in the Canal Zone or the Republic of Panama can more conveniently and more economically be transported the shorter distance to Dallas. In the second place, the unnecessary expense and inconvenience of transporting witnesses, corporate records and reports located in Texas to Delaware will be entirely avoided if this case is transferred to Texas. Again, that Dallas, Texas is the most convenient forum for everyone concerned seems logically undeniable.

Finally, the Court takes particular care to note that the plaintiff's choice of this forum apparently has no tactical significance other than its status as the defendant's statutory home. Nor is the Court persuaded, especially in light of the plaintiff's motion to transfer this case to the Canal Zone, that a transfer to Texas will necessarily entail an intrusion upon the plaintiff's choice of counsel to litigate this matter.

Based on the Court's finding that the convenience of the parties and the witnesses will be served by transferring this case to the Northern District of Texas, Dallas Division, the defendant's motion to transfer will be granted.

An order will be entered in accordance with this opinion.

---

only as the jurisdictional foundation for this suit.

**6.** It is undisputed that the plaintiff could have rightly started this suit in the Northern District of Texas pursuant to 28 U.S.C. § 1332 and that venue would be proper under 28 U.S.C. § 1391(c).

**7.** Docket Item 7, Reinhart Affidavit.

**8.** *Id.*

**9.** Docket Item 7, Trainer Affidavit.