**Margaret A. KLINE, Admx. of the Estate of Joseph M. Kline, brought on her own behalf as mother of Joseph M. Kline**

v.

**CONSOLIDATED RAIL CORPORATION.**

Civ. A. No. 78–1754.

United States District Court,
E. D. Pennsylvania.

Dec. 11, 1978.

S. Robert Levant, Brobyn & Forceno, Philadelphia, Pa., for plaintiff.

Richard A. Walkovets, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, to recover damages for personal injuries allegedly sustained by plaintiff's son while working for the defendant, which injuries allegedly led to the death of plaintiff's son. Before the Court is defendant's motion to transfer the action to the United States District Court for the Western District of Pennsylvania (Pittsburgh), pursuant to 28 U.S.C. § 1404(a).[1] For the reasons hereinafter set forth, defendant's motion will be granted.

In its motion, with supporting affidavit which is uncontroverted, defendant sets forth that four persons whom it presently knows to be witnesses in the case (three employees of the defendant and one doctor who examined plaintiff's decedent) all reside within the Western Judicial District of Pennsylvania more than 200 miles from Philadelphia and are within the subpoena reach of that Court and beyond the subpoena power of this Court. Defendant asserts that all of these witnesses are necessary to its presentation of the case at trial and that the expense of bringing them to Philadelphia would be great and would entail an untoward loss of time. In addition, defendant asserts—and plaintiff admits—that plaintiff resides in Hastings, Pennsylvania, which is approximately 250 miles from Philadelphia and only 85 miles from Pittsburgh, that the accident allegedly causing the death of plaintiff's decedent occurred in Conemaugh, Pennsylvania, which is approximately 240 miles from Philadelphia and only 70 miles from Pittsburgh, and that defendant does business in Pittsburgh.[2] It is clear from the pleadings that the only connections that the case has with the Eastern District of Pennsylvania are that plaintiff's attorneys are located in Philadelphia and that plaintiff has chosen this Court as her forum.

In deciding a motion to transfer, a district court is vested with wide discretion in weighing all relevant factors to determine if, on balance, the action would proceed more expeditiously and the ends of justice would be better served if the transfer were effected. *Plum Tree, Inc. v. Stockment,*

---

1. 28 U.S.C. § 1404(a) provides:

    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. Plaintiff does not contest the fact that this action could have been brought in the United States District Court for the Western District of Pennsylvania.

2. Plaintiff alleges that the defendant does business in many states, and that its corporate headquarters is in Philadelphia.

488 F.2d 754, 756 (3d Cir. 1973). The burden, however, rests upon the moving party to establish that the current forum is inconvenient. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

The factors used to determine whether the balance of convenience weighs in favor of transferring an action have been recited many times, but the basic enunciation is ultimately traced to *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), in which the Supreme Court discussed the principles of the *forum non conveniens* doctrine. The factors relevant to the instant case are: (1) the plaintiff's choice of forum; (2) the cost of attendance at trial by willing witnesses; and (3) the practical considerations in making the trial easy, expeditious and inexpensive. *See also Zerance v. William Harvey Research Corp.*, 401 F.Supp. 804, 806 (E.D.Pa.1975).

In this case we find that the plaintiff has not filed any affidavit which controverts the defendant's allegations that all the known witnesses, as well as the plaintiff, reside in the Western District of Pennsylvania, and that the only connection which this case has with the Eastern District of Pennsylvania is that the plaintiff's attorneys are located in Philadelphia and that this forum has been chosen. We, therefore, find that defendant has established that the cost of attendance at trial by its four witnesses and the pretrial considerations in making the trial easy, expeditious and inexpensive outweigh the great weight that we must give to the plaintiff's choice of forum. *Shutte v. Armco Steel Corp., supra. See Detrick v. B. & O. Railroad Co.*, 330 F.Supp. 257 (E.D.Pa. 1971) and cases discussed therein.

Thus, on balance, we conclude that the defendant has met the criteria set forth in *Gulf Oil Corp. v. Gilbert, supra*, and satisfied its burden of proving a clear case of inconvenience and a strong case for transfer. Therefore, the interest of justice requires the transfer of the action.

Accordingly, an Order will be entered granting the defendant's motion for change of venue and transferring this case to the United States District Court for the Western District of Pennsylvania.