Daniel A. **MONACO** and Delores Monaco, Plaintiffs,

v.

**G. D. SEARLE & CO.**, a Delaware Corporation, Defendant.

No. 78 C 3003.

United States District Court, N. D. Illinois, E. D.

April 24, 1979.

Philip H. Corboy & Associates, Chicago, Ill., for plaintiffs.

Michael W. Davis and William P. Richmond of Sidley & Austin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This action is brought by David A. Monaco against G. D. Searle & Co. for the alleged tortious manufacture and distribution of the drug Aldactone. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332 as plaintiffs are citizens of New Jersey, defendant is an Illinois corporation and the amount in controversy exceeds $10,000 exclusive of interest and costs. Defendant seeks to transfer this action to the United States District Court for the District of New Jersey. For the reasons stated herein, we grant defendant's motion to transfer.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."

The case of *Chicago Rock Island & Pacific RR. v. Igoe*, 220 F.2d 299, 302 (7th Cir.), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955), sets forth the test for determining the appropriateness of a § 1404(a) transfer:

"the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending and the District to which it is sought to have the case transferred."

Each party to this suit has submitted affidavits in support of its contention that the evidence clearly warrants its choice of venue. There is no doubt that each party will suffer some inconvenience if venue is not sustained in their preferred district. Thus, we must determine which party will be least inconvenienced and where sound judicial administration indicates this case should be adjudicated. These considerations are as follows.

We note at the outset that it is the Illinois based defendant which seeks to transfer this action to New Jersey, plaintiffs' place of residence. The gravamen of defendant's argument is that it cannot adequately defend its interests in this district because plaintiff's prescribing and treating physicians and the attendant medical facilities are all located in or near New Jersey, and hence, beyond the subpoena power of this Court. Defendant also points out that both plaintiffs' claims arose in part in New Jersey as that is where the drug was ingested and where both plaintiffs suffered their alleged injuries. Finally, defendant argues that the District of New Jersey is the more appropriate and practical district in which to adjudicate this matter as the law of New Jersey is the law of the case and the U. S. District Court docket in New Jersey is less congested than that of the Northern District of Illinois.

Plaintiffs argue that their choice of forum is to prevail unless defendant can meet its heavy burden of demonstrating that the plaintiff's choice imposes a substantially greater inconvenience on defendants than transfer will impose on defendant. *Butterick v. Will*, 316 F.2d 111 (7th Cir. 1963); *SEC v. First National Finance Corp.*, 392 F.Supp. 239 (N.D.Ill.1975). That burden, plaintiffs contend, cannot be met because the alleged tortious conduct occurred in Chicago at the hand of the defendant whose employees and records are all located in Chicago. Plaintiffs also argue that Chicago is a rich source of many as yet unidentified expert witnesses.

We recognize that historically plaintiff's choice of forum has been treated as a primary factor in the consideration of § 1404(a) transfer motions. Plaintiffs obviously choose the forum they prefer, usually for its convenience, and occasionally, because it will favor their type of action. Defendants customarily seek to transfer for the same reasons. As we have stated in many recent opinions, if all other considerations are equal, then plaintiff's choice of forum should prevail, but it should not outweigh the basic consideration of convenience. (See 78 C 800, 78 C 1716, 78 C 3496, 78 C 2788.)

Here, not only do the plaintiffs reside in the transferee forum, but so do many witnesses who will be crucial to both parties. These witnesses will be subject to the compulsory subpoena power of the New Jersey District Court but will not otherwise be legally accessible to the defense. The plaintiffs will not be similarly disadvantaged if this action is transferred from this forum since all witnesses who are employees of defendant and all of defendant's documents will be subject to production in New Jersey.

Accordingly, we believe it is clear that the balance of convenience of the parties and witnesses as well as the interests of justice require transfer of this case to New Jersey where (1) the plaintiffs reside, (2) the prescribing and treating physicians reside, (3) known witnesses are within the subpoena power of that federal court but beyond the subpoena power of this Court, (4) the law of the transferee forum is the law of the case, (5) this action can probably be more rapidly adjudicated in light of New Jersey's relatively uncongested docket and (6) the party which is based in Illinois seeks to litigate this action.

For these reasons, we order this action transferred to the United States District Court for the District of New Jersey. An appropriate order will enter.