Lisa O. MARDER, Plaintiff,

v.

Jan DEMBINSKI, Defendant.

No. 80 C 1353.

United States District Court,
N. D. Illinois, E. D.

Oct. 17, 1980.

Perry M. Berke and Baskin, Server & Berke, Chicago, Ill., for plaintiff.

Barbara L. Allyn, Law Offices of Thomas J. Keevers, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Lisa O. Marder ("Marder"), an Illinois resident, has filed this diversity action against Jan Dembinski ("Dembinski"), a Connecticut resident, for personal injuries arising out of an April 18, 1978 accident in Williamstown, Massachusetts. Suit was filed March 19, 1980, one month before the expiration of Massachusetts' two–year statute of limitations. Because Dembinski was living in Austria when the Complaint was filed, Marder caused substitute process to be served on Dembinski's mother in Connecticut (after the limitations period had expired).

Dembinski has moved to dismiss this action for want of personal jurisdiction (he is clearly not within the reach of the Illinois long–arm statute) and for such dismissal to be with prejudice because limitations have now run on the action. In response, Marder concedes Dembinski's jurisdictional argument but, in an effort to salvage the action against the bar of limitations, urges in a counter–motion that the Court transfer this cause to the District Court in Connecticut rather than dismiss the action. For the reasons stated in this memorandum opinion and order, Dembinski's motion is granted and Marder's is denied.

**1324**

■ This Court of course recognizes that it may transfer a cause to another District Court even though it lacks personal jurisdiction over all the parties. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–66, 82 · S.Ct. 913, 915, 8 L.Ed.2d 39 (1962).[1] Some courts have elected to exercise that authority in circumstances comparable to those here, where dismissal would effectively foreclose litigation in a court with personal jurisdiction over the defendant. *See, e. g., Founds v. Shedaker,* 278 F.Supp. 32, 33 (E.D.Pa. 1968); *Callan v. Lillybelle, Ltd.,* 39 F.R.D. 600, 602 (S.D.N.Y.1966). Those decisions make it plain that the issue is one within the court's discretion.

Judge Grady of this District Court reached the opposite result in *Brown v. Grimm,* 483 F.Supp. 40 (N.D.Ill.1979), though he recognized that dismissal was not proper in all instances (particularly given the "interest of justice" standard of 28 U.S.C. § 1404(a)). Indeed, Judge Grady noted that "[i]n many cases, it would be a great injustice for a plaintiff to lose his cause of action because of the passing of the limitations period solely because he was unable to determine whether or not a particular district court would have personal jurisdiction over the defendant." *Id.* at 42.

Here Marder claims she brought the action in Illinois because *venue* "did clearly lie in Illinois" (her home state) but she was uncertain whether Dembinski resided in Massachusetts or Connecticut (and thus uncertain as to what would be the proper venue based on the defendant's residence). Therefore, Marder argues, she should not now be penalized when she instituted a "timely suit to preserve her rights" but was merely mistaken as to certain jurisdictional facts.

It is not now necessary to consider what circumstances might justify the exercise of this Court's discretion to grant a transfer "in the interest of justice,"[2] for that is clearly not appropriate here:

■ First, Marder's explanation for her improper Illinois filing is unacceptable for two reasons. For one thing, 28 U.S.C. § 1391 permits diversity venue in the district "where all plaintiffs reside, or all defendants reside, *or in which the claim arose*" (emphasis added). Because the alleged accident took place in Massachusetts, proper venue there (contrary to Marder's assertion) was uncontestable.[3] For another, Marder alleges *in her Complaint* that Dembinski is a resident of Connecticut, undermining in a different way her contention that filing this action in Illinois was a result of uncertainty as to proper venue elsewhere.

Second, neither Marder's complaint nor any assertion in opposition to Dembinski's motion gives the slightest indication that Marder had reason to believe this Court could assert personal jurisdiction over Dembinski. Dembinski was a college student in Massachusetts, where the alleged accident occurred, resided permanently in Connecticut and, when this action was filed, temporarily in Austria. Marder fails to allege a single contact of any nature between Dembinski and the State of Illinois.

In short, this case reflects a total disregard of the venue and jurisdiction principles by which the federal courts must be guided.

1. *Goldlawr* does not control here because the plaintiff's error in that case was in its choice of *venue,* and the Court sought to avoid penalizing the plaintiff by "time-consuming and justice-defeating technicalities." That characterization scarcely applies to the circumstances of this case.

2. Statutes of limitation themselves reflect a state's value judgment as to what the "interest of justice" requires. That fact provides an obvious counter to Marder's argument, implicit in her memorandum, that denying a transfer would deprive her of rights, while granting transfer would not "deprive the defendant of his."

3. Moreover, a District Court in Massachusetts plainly could have asserted personal jurisdiction over Dembinski, who attended school in Williamstown and was driving his automobile there when it allegedly struck Marder. Those contacts are sufficient to satisfy both the Massachusetts long-arm statute and the due process requirements of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny.

While a good–faith "mistake" as to the proper court might merit transfer in this context, a filing in obvious contravention of those principles, apparently for no reason other than plaintiff's convenience, does not.

### Conclusion

Accordingly, Dembinski's motion to dismiss this action is granted and Marder's counter–motion for transfer to the District Court of Connecticut is denied.