**GINSEY INDUSTRIES, INC.**

v.

**I. T. K. PLASTICS, INC.**

**Civ. A. No. 82–1098.**

United States District Court, E. D. Pennsylvania.

May 19, 1982.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff, Ginsey Industries, is a Pennsylvania corporation with its principal place of business in Bellmahr, New Jersey, and defendant, I.T.K. Plastics, is a Massachusetts corporation with its principal place of business in Salem, Massachusetts. In the fall of 1981, plaintiff purchased vinyl plastic sheeting manufactured by defendant. After receiving shipment of the plastic, Ginsey determined that the plastic was not, in its view, fit for the purpose for which it was sold. Ginsey then filed this action to recover the payment it made to I.T.K. as well as consequential damages. This matter is now before the court on defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, for transfer to the District of Massachusetts.

I.T.K. first contends that its limited contact with this forum is insufficient to bring it within the reach of Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5301 *et seq.*, or to satisfy the due process standards set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Alternatively, I.T.K. argues that transfer to the District of Massachusetts is warranted since a civil action involving the same parties and the same plastic products is currently pending there. In response, plaintiff has not come forward with any specific evidence to support this court's exercise of *in personam* jurisdiction over I.T.K. but has instead urged that if transfer is considered appropriate this case should be transferred to the District of New Jersey rather than the District of Massachusetts.

On the basis of the record as it now stands, it seems clear that I.T.K.'s connection with Pennsylvania is so tenuous that this court lacks a proper basis to exercise *in personam* jurisdiction. Perhaps further discovery might reveal some basis for linking I.T.K. to that forum but plaintiff has not sought to pursue this possibility. However,

Irwin Paul, Philadelphia, Pa., for plaintiff.

Susanna E. Lachs, Philadelphia, Pa., for defendant.

rather than simply dismissing plaintiff's complaint at this point, the better approach, in my view, would be to transfer this matter to a more appropriate forum. *See United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Shong Ching Lau v. Change*, 415 F.Supp. 627, 632 (E.D.Pa. 1976).[1]

In considering a motion to transfer, a court must first determine that the transferee district is a district where the action "might have been brought." 28 U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). This criterion, however, does not provide any clear guidance in determining which of the two proposed transferee districts—New Jersey or Massachusetts—is more appropriate since both appear to be districts where plaintiff's claim could have been brought. Both courts clearly have jurisdiction over the subject matter of this case under 28 U.S.C. § 1332 by virtue of the diversity of citizenship of the parties, and both courts may properly exercise *in personam* jurisdiction over I.T.K. because of I.T.K.'s contacts with New Jersey and its residence in Massachusetts. Venue would also be proper in both districts under 28 U.S.C. § 1391(a).

I turn therefore to the more difficult question whether the balance of convenience weighs decisively in favor of one of the proposed districts. It is well-settled that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Therefore, since the District of New Jersey is clearly plaintiff's preferred alternative forum, that preference must be accorded substantial weight.

On the opposing scale, as defendant properly suggests, must be placed the interest in efficient judicial administration which might be advanced by transfer to the District of Massachusetts where an action involving the same parties is pending. By permitting two related cases which are filed initially in different districts to be consolidated, transfer plainly helps avoid needless duplication of effort. For as Justice Black remarked in *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960): "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *See also Celanese Corp. v. Federal Energy Admin.*, 410 F.Supp. 571, 575–77 (D.D.C. 1976); *Thomas v. United States Lines, Inc.*, 371 F.Supp. 429, 432–33 (E.D.Pa.1974). This consideration, of course, loses some of its force where the two pending actions do not stem from precisely the same transaction. A comparison of the complaints filed in Massachusetts and in this action reveals that the actions involve distinct, albeit related, transactions: the Massachusetts allegations speak of an August, 1981 purchase of vinyl plastic valued at $14,000 which Ginsey allegedly failed to pay for; whereas the Pennsylvania claims describe an October or November, 1981 transaction involving a $30,000 payment by Ginsey for vinyl plastic which was rejected as defective. Nevertheless, it would appear that significant economies of time and effort can be achieved if these actions were consolidated in a single district. The essential questions of liability in both actions concern the fitness of I.T.K.'s vinyl products for the commercial purposes Ginsey sought to pursue. The witnesses who will testify about I.T.K.'s product and about Ginsey's reasons for purchasing that product are likely to be the same in both cases. To be sure, consolidation of these actions in the District of Massachusetts imposes a burden on Ginsey.

---

1. In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Court, over Justice Harlan's dissent, construed 28 U.S.C. § 1406(a) to authorize a district court to transfer to a proper district a case filed in a district where venue is improper, notwithstanding that the transferor court lacks *in personam* jurisdiction. In *United States v. Berkowitz, supra*, our Court of Appeals extended the *Goldlawr* rationale to § 1404(a).

But transfer to that district would, in my judgment, promote efficient judicial administration to such an extent that plaintiff's preference for New Jersey is outweighed. And consolidation ultimately benefits both parties since it is clearly more convenient to conduct related litigation in a single district rather than in two separate forums.

Accordingly, I will order that this matter be transferred to the District of Massachusetts.