Margaret J. KYLE and John P. Kyle, her husband, Plaintiffs,

v.

DAYS INN OF AMERICA, INC., a corporation, as well as Days Inn of America Franchising, Inc., a corporation, Defendants.

Civ. A. No. 82–0677.

United States District Court, M.D. Pennsylvania.

Sept. 23, 1982.

Robert H. Somerton, Zupancic & Somerton, Pittsburgh, Pa., for plaintiffs.

John Q. Durkin, Nogi, O'Malley & Harris, P.C., Scranton, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

The defendants, Days Inn of America, Inc. and Days Inn of America Franchising,

Inc. have filed a motion to dismiss the complaint of Margaret J. and John P. Kyle under Federal Rule of Civil Procedure 12. The Kyle's complaint arises out of an alleged fall of Mrs. Kyle at a Days Inn Motel in Savannah, Georgia. The Kyles are residents of Pittsburgh, Pennsylvania. The complaint as amended alleges that the defendants jointly, or at least one of them, operates or is related to a franchised motel located in New Cumberland, Pennsylvania and therefore in the Middle District.

■ The defendants, Days Inn of America, Inc., (Days Inn), and Days Inn of America Franchising, Inc. (Franchising), have moved to dismiss the Kyle's complaint under Federal Rule of Civil Procedure 12(b). The defendants allege that the plaintiffs lack personal jurisdiction over the defendant, Days Inn, because Days Inn did not at the time of the alleged tort "do business in the Commonwealth of Pennsylvania." The defendant, Days Inn, was at the time of the alleged injury registered in the Commonwealth of Pennsylvania as a foreign corporation and therefore had subjected itself to jurisdiction and named an agent for service of process. *See DiCiano v. Western Contracting Corp.,* 224 F.Supp. 803, 804 (E.D. Pa.1963)[1].

■ The defendants' motion to dismiss also questions whether venue in the Middle District of Pennsylvania is proper. Venue in the present case is determined by 28 U.S.C. § 1391(c) and § 1392(a). Section 1391(c) makes venue proper in any district in which a corporation is "licensed to do business." 28 U.S.C. § 1391(c). Days Inn is licensed to do business in Pennsylvania. The defendants' attorney admits in his Affidavit in Support of Motion to Dismiss that Franchising owns the Pennsylvania motel located at New Cumberland. Thus Franchising is doing business in the Middle District and venue is proper under 28 U.S.C. § 1391(c). If venue is proper in relation to

Franchising, then 28 U.S.C. § 1392(a) allows defendants residing in different districts in the same state to be brought into the district for venue purposes. It then becomes irrelevant whether Days Inn is found in the Middle District for venue, since it is surely in one of the judicial districts in Pennsylvania and § 1392(a) allows Days Inn to be brought into the Middle District wherever in Pennsylvania it is found. The Middle District of Pennsylvania, therefore, is a proper venue for the present case.

■ The defendants also pray for a transfer of the case "to an appropriate District Court within the State of Georgia." Since the showing of inconvenience required to justify a transfer under 28 U.S.C. § 1404(a) is less than that required under the common law *forum non conveniens* doctrine, *Neff Athletic Lettering Co. v. Walters,* 524 F.Supp. 268, 272 (S.D.Ohio 1981); *See Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955), this court will begin with the analysis under § 1404(a). Section 1404(a) gives a district court discretion to transfer any civil action to another district in which the action might have been brought.[2] The court is to weigh the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a).

■ The factors to be weighed in a decision under § 1404(a) are those outlined by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). 524 F.Supp. at 272. The Supreme Court circumscribed the weighing process by indicating that "unless the balance is strongly in favor of the defendant, the Plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508–09, 67 S.Ct. at 843. The Supreme Court grouped the factors into (1) those of private interest to the litigants:

1. The defendant, Franchising, does not appear to dispute personal jurisdiction.

2. Before any transfer could be ordered there would have to be an available forum where the

case might have been brought. 28 U.S.C. § 1404(a). In the present case, this does not present a difficulty.

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained.

*Id.* at 508, 67 S.Ct. at 843;

(2) those which advantage or obstruct a fair trial:

It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy.

*Id.;*

and (3) those effecting public policy:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 508–09, 67 S.Ct. at 843.

Considering the factors outlined above as they interface with the facts of the present case the cogent factors are:

The ease of access to sources of proof and the possible need to view the scene of the alleged injury both impact on this case. A number of plaintiffs' witnesses are from the western Pennsylvania area, but assuredly the defendants' witnesses would come from Georgia. Mrs. Kyle has received the major part of her medical treatment in Pittsburgh and that is where the attending physician is located. Mrs. Kyle was also treated in Georgia where, of course, those records and the attending physician are located. The ease with which the parties can get witnesses to the scene of the trial must, however, be viewed from the perspective of the Middle District of Pennsylvania which sits in Harrisburg. The plaintiffs and their witnesses reside in the area surrounding Pittsburgh which is approximately 200 miles from Harrisburg. Thus a trial in the Middle District would require *both* parties to transport their witnesses significant distances. *See Kline v. Consolidated Rail Corporation,* 461 F.Supp. 326, 327 (E.D.Pa. 1978). A trial in Georgia, while inconveniencing the plaintiffs, would at least leave the defendants and their witnesses at home.

This court must also consider the need or acceptability of the finder of fact viewing the site of the alleged accident (which is in Georgia). Such an observation would, of course, only be possible with a trial in Georgia.

The second category of factors which advantage or obstruct a fair trial, *supra* at 370, do not appear applicable on the facts so far presented.

■ The third category relating to public policy impacts on the present case in only one way. The controversy might involve the application of the law of a state other than that state in which this court sits. A choice of law issue alone is not sufficient to call for a transfer under § 1404(a), *Hoffman v. Goberman,* 420 F.2d 423, 427 (3d Cir.1970); but this court is mindful that a federal court sitting in Georgia would be better prepared to fairly consider the nuances of Georgia tort law. *See VanDusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964).

The ultimate determination under § 1404(a) is a balancing of the factors outlined above. If the trial was to be held in the Pittsburgh area, then the balance of the

factors would be closer. The Middle District as the site, however, results in inconvenience for both the plaintiffs and the defendants. The transfer to an appropriate court in Georgia would increase the plaintiffs' difficulties, but it would eliminate the defendants' hardship to a substantial degree. When the above consideration is added to the potential of having to view the site of the accident and the probability of Georgia tort law applying, this court concludes that the defendant has met the burden established under § 1404(a) and that the interest of justice requires the transfer of this action to the United States District Court for the Southern District of Georgia.

## ORDER

IT IS HEREBY ORDERED:

1. The defendants' Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12 is denied for the reasons set forth in the memorandum accompanying this order.

2. The defendants' Motion for a Transfer to a More Convenient Forum under 28 U.S.C. § 1404(a) is granted.

3. The Clerk of the Court is directed to transfer the record to the United States District Court for the Southern District of Georgia.