Osie COOK, Jr., and Lisa A. Cook, his wife, Plaintiffs,

v.

INTERNATIONAL HARVESTER COMPANY, a foreign corporation, and Mid-Century Insurance Company, a foreign corporation, Defendants.

No. 85–C–0609.

United States District Court, E.D. Wisconsin.

June 12, 1985.

---

**272**

Michael F. Hupy, Milwaukee, Wis., for plaintiffs.

Timothy J. McDermott and Michael D. Flanagan, Whyte & Hirschboeck, S.C., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the principal defendant's motion for a change of venue to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1404(a). Having carefully considered the legal memoranda and affidavits filed by the parties in support of and in opposition to the present motion, the Court concludes, for the reasons articulated below, that the motion should be granted.

### BACKGROUND

This action was initiated on April 2, 1985, when the plaintiffs, both citizens of the State of Wisconsin, filed their complaint in the Wisconsin Circuit Court for Milwaukee County against the principal defendant, International Harvester Company, a foreign corporation with its principal office and place of business in Illinois, and its worker's compensation insurer, Mid-Century Insurance Company, also a foreign corporation with its principal office and place of business in California. According to the central factual averment of the complaint, plaintiff Osie Cook, Jr., was injured on or about July 26, 1983, in Indiana while using a certain truck and climbing system designed and manufactured by defendant International Harvester Company.

As a result of this accident, this plaintiff purportedly sustained severe and permanent injuries, including past and future medical expenses, a loss of earnings and earning capacity, and pain, suffering, and disability. In addition, his wife, co-plaintiff Lisa A. Cook, has allegedly suffered a loss of society, companionship, and the aid and comfort of her husband as a result of his injuries. By the three, discrete causes of action set forth in their complaint, the plaintiffs charge that defendant International Harvester Company was negligent in failing to safely design the subject truck and climbing system, in failing to adequately test and inspect that equipment to make it safe for its intended and foreseeable use, and in failing to provide users with adequate warning of the dangers attendant upon work with the system. They further allege that, when the truck left the possession of defendant International Harvester Company, it was in such a defective condition as to render it unreasonably dangerous

to the ordinary user. It is the plaintiffs' position that the negligence of the principal defendant and the defects in the truck and climbing system that it designed, manufactured, and sold were a substantial cause of their injuries. Accordingly, by their ad damnum clause, the plaintiffs together seek $3,150,000.00 in compensatory damages, along with the costs and disbursements of prosecuting this case and such other relief as the Court might deem just and equitable.

By its petition of April 18, 1985, defendant International Harvester Company removed this action to the United States District Court for the Eastern District of Wisconsin, based on the Court's diversity jurisdiction, as established by 28 U.S.C. § 1332(a). As required by 28 U.S.C. § 1446(d), the removing defendant filed with its petition a $250.00 surety bond, effectively guaranteeing payment of "all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed."

Some five days later, on April 23, 1985, International Harvester Company filed its answer to the plaintiffs' complaint, denying all material allegations incorporated therein and raising some five affirmative defenses—namely, that the complaint fails to state a claim upon which relief can be granted, that the plaintiffs have failed to mitigate their damages, that their injuries were further caused by their own negligence for which the defendant is not responsible, that they are barred from any recovery in this matter based on their assumption of risk with respect to the subject accident, and, significantly, that this lawsuit is not properly venued in the Eastern District of Wisconsin. Based on these general denials and affirmative defenses, the defendant seeks dismissal of this action with prejudice, in addition to its costs and expenses and such other relief as the Court might deem appropriate.

By its present motion, defendant International Harvester Company, as indicated above, seeks a change of venue to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1404(a). Invoking the relevant standards to be applied by federal trial judges in assessing the merits of transfer requests such as this, the movant contends that the convenience of the parties and relevant witnesses and the paramount interests of justice warrant a change of venue for all further proceedings. The defendant neatly summarizes its position as follows:

> The accident precipitating this action occurred in or near Attica, Fountain County, Indiana. The vehicle in question was manufactured at an International Harvester plant located in Fort Wayne, Indiana. Many of International Harvester's engineers are employed at International Harvester's offices in Fort Wayne, Indiana, including engineers that International Harvester may be required to call at trial to testify regarding the design of the truck in question. In addition, many of the transactional witnesses, such as police officers, accident witnesses, treating medical personnel or other individuals who may have witnessed or investigated the accident in question, in all likelihood reside in Indiana.

Defendants' *Memorandum in Support of Motion for Change of Venue* at 2 (May 3, 1985). Perhaps parenthetically, the movant also suggests that the significant legal issues raised by this lawsuit might be resolved with greater facility by an Indiana federal court, arguably obliged to resolve the parties' claims under Indiana law; that the prosecution and defense of this matter in Indiana would promote the availability of compulsory process for the attendance of unwilling witnesses and decrease the appearance costs of potential willing witnesses; and that the prospect of a jury view of the accident site would be made more realistic if the trial were conducted in the Southern District of Indiana.

Predictably, the plaintiffs oppose the present motion for a change of venue. Noting, as a threshold matter, that there is no legal impediment to venue in this dis-

trict under the requirements set forth in 28 U.S.C. § 1391(a), the plaintiffs contend that the proposed transfer would not only substantially increase their inconvenience in prosecuting this case but would, moreover, place a considerable burden upon those lay and expert witnesses they will likely call to testify as to the personal impact of the subject accident and the scope and nature of the medical treatments necessitated thereby. In this context, it is the plaintiffs' position that the movant has failed to demonstrate any inconvenience to its own witnesses if this matter is permitted to proceed to trial in this district.

The plaintiffs also dispute the movant's contention that the interests of justice necessitate transfer: Citing those factors typically invoked by the federal trial courts in determining whether justice mandates a change of venue, the plaintiffs argue that, as the parties petitioning for relief, their choice of forum deserves paramount consideration; that the ease of access to relevant sources of proof—including the attendance of all witnesses—would not be promoted but would, in fact, be jeopardized by the proposed transfer; and that nothing about the trial in this matter, including its practical administration and the prospect for a view of the tractor itself, suggests that the trial in this matter would be expedited in the Southern District of Indiana. Finally, the plaintiffs identify nothing in the record to indicate that Indiana and not Wisconsin law would prove dispositive of the resolution of the parties' respective claims. Accordingly, the plaintiffs request that the pending motion be denied and the lawsuit be permitted to proceed as presently venued.

## 28 U.S.C. § 1404(a) AND THE DEFENDANT'S MOTION FOR A CHANGE OF VENUE

■ As both parties to this action recognize, § 1404(a) of Title 28 of the United States Code empowers the trial judge to "transfer any civil action to any other district or division where it might have been brought ... [f]or the convenience of parties and witnesses, in the interest of jus-

tice...." The statute is properly invoked to prevent a waste of time, money, and energy in the prosecution and defense of civil actions and to protect litigants, witnesses, and the public in general against unnecessary inconvenience and expense. *Monihen v. Oliver Machinery Company,* 502 F.Supp. 36, 37–38 (E.D.Pa.1980); *Carter v. Houston Chronicle Publishing Company,* 514 F.Supp. 12, 15 (W.D.Okla. 1980).

■ In resolving a motion such as the present, the trial judge is vested with broad discretion to weigh all relevant factors in determining if, on balance, the action would proceed more expeditiously and the ends of justice would be better served if transfer were effected. *Kline v. Consolidated Rail Corporation,* 461 F.Supp. 326, 327 (E.D.Pa. 1978); *Harley-Davidson Motor Company v. Strada,* 78 F.R.D. 521, 526 (E.D.Wis. 1978). Although § 1404(a) incorporates only three factors to be considered in determining whether to grant or deny a motion to transfer—namely, the convenience of the parties, the convenience of the witnesses, and the interests of justice—the trial judge is not limited to those rather broad generalities but may consider other factors subsumed by the broad purposes of the statute—among them, the ease of access to sources of proof, the availability of compulsory process to compel the attendance of unwilling witnesses, the amount of expense attendant upon the production of willing witnesses, the relative congestion of calendars of the potential transferee and transferor courts, and other practical aspects of expeditiously and conveniently conducting the trial. *Securities & Exchange Commission v. Page Airways, Inc.,* 464 F.Supp. 461, 463 (D.D.C.1978); *Car-Freshner Corporation v. Auto Aid Manufacturing Corporation,* 438 F.Supp. 82, 85 (N.D.N.Y. 1977).

Although, as a general rule, the plaintiff's choice of forum is favored in resolving disputes under § 1404(a), *Ginsey Industries, Inc. v. I.T.K. Plastics, Inc.,* 545 F.Supp. 78, 80 (E.D.Pa.1982); *Burbank International, Ltd. v. Gulf Consolidated In-*

*ternational, Inc.,* 441 F.Supp. 819, 822 (N.D.Tex.1977), it is no longer accorded the overriding consideration it may have once enjoyed under the former doctrine of forum non conveniens. *Y⁴ Design, Ltd. v. Regensteiner Publishing Enterprises, Inc.,* 428 F.Supp. 1067, 1070 (S.D.N.Y. 1977); *Herman v. Doug Frank Development Corporation,* 385 F.Supp. 767, 769 (S.D.N.Y.1974). Indeed, the trial judge may justifiably find the effect of the plaintiff's choice to be outweighed by other, more compelling considerations, including convenience. *Moore v. Telfon Communications Corporation,* 589 F.2d 959, 968 (9th Cir.1978); *Monaco v. G.D. Searle & Company,* 506 F.Supp. 695, 696 (N.D.Ill. 1979).

■ Applying these general standards to the circumstances of the present action, the Court notes at the outset that the question presented is a close one. As plaintiffs' counsel states in his affidavit of May 15, 1985, both plaintiffs reside in Langlade County, Wisconsin, and the witnesses likely to be called to testify with respect to plaintiff Osie Cook, Jr.'s pain, suffering, and disability are likewise residents of the State of Wisconsin. In addition, counsel indicates that the principal medical testimony presented at trial will be that of physicians practicing within the state. With respect to these considerations, then, there is little doubt that transfer of this matter to the Southern District of Indiana may pose some inconvenience to the plaintiffs and their several witnesses.

At the same time, the Court opines that the plaintiff's choice of forum in this matter is properly overridden based on the considerable interests and contacts identified within the Southern District of Indiana. This Court's recent experience with personal injury and products liability actions such as this has convinced it of the wisdom of trying these matters, when possible, in close proximity to the point of manufacture and sale of the product, the situs of the subject accident, and, perhaps most significantly, the residence of the critical design engineers. In the present case,

these three touchstones signal the propriety of transfer to the Southern District of Indiana.

While the plaintiffs' companion confirmations of no accident eyewitnesses and no medical treatment in the State of Indiana are plainly subject to some consideration, the Court is unprepared, at this pre-discovery stage of the proceedings, to determine conclusively that no additional relevant contacts or interests in Southern Indiana will not be identified prior to the time of trial. In this context, the Court is also of the view that the record compiled to date is not sufficiently clear to establish that a jury view of the scene—as opposed to the vehicle alone—might not significantly aid the trier of fact in reaching a verdict. Likewise, the Court finds persuasive the prospect that the trial judge might well be compelled to invoke Indiana law in resolving the purely legal issues presented in this lawsuit; in this undertaking, the federal trial judges sitting in Indiana are surely more familiar with the procedural and substantive aspects of the state laws of that jurisdiction. In the end, the Court is convinced, if only narrowly, that the balance of party and witness convenience and the paramount interests of justice do, indeed, augur in favor of transfer of this action to the Southern District of Indiana.

Of course, as the movant accurately notes in its supporting memorandum, a fundamental requirement to transfer under § 1404(a) is a finding that the plaintiff had the unqualified right to bring the action in the transferee court at the time the lawsuit was commenced. *Bashir v. United States Attorney General,* 508 F.Supp. 1108, 1109 (E.D.Va.1981); *Pierce v. Atlas Powder Company,* 430 F.Supp. 79, 81 (D.Del.1977). In addressing this critical issue for present purposes, the Court invokes the relevant portion of the federal venue statute, 28 U.S.C. § 1391(a), which reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial dis-

trict where all plaintiffs or all defendants reside, or in which the claim arose.

Under this statute, it is generally held that a claim is deemed to have arisen in that judicial district where the relevant contacts are most significant or, stated differently, where a substantial part of the events or omissions giving rise to the cause of action occurred. *United States Fidelity & Guaranty Company v. Alexander*, 463 F.Supp. 687, 690 (S.D.Ga.1979); *Oce-Industries, Inc. v. Coleman*, 487 F.Supp. 548, 552 (N.D,Ill.1980). More specifically, the place where injury from some tortious conduct is suffered is typically deemed to be the place where the claim arose for purposes of § 1391(a). *Aluminal Industries, Inc. v. Newtown Commercial Associates*, 89 F.R.D. 326, 330 (S.D.N.Y.1980); *Marder v. Dembinski*, 498 F.Supp. 1323, 1324 (N.D. Ill.1980).

Although there is no dispute that this action is properly venued for § 1391(a) purposes in this forum, it is equally clear that the action might have been initiated in the United States District Court for the Southern District of Indiana, where the truck accident occurred and the consequent injuries were apparently suffered. The Court's finding as to the propriety of venue in that forum thus removes the final hurdle to the transfer of this case to the Southern District of Indiana for all further proceedings.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the motion of defendant International Harvester Company to transfer this action in its entirety to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1404(a).