**June ZELONKA, an individual, and John Zelonka, her husband**

v.

**QUALITY INNS INTERNATIONAL, et al.**

**Civ. A. No. 86–1317.**

United States District Court,
W.D. Pennsylvania.

Aug. 4, 1987.

John T. Tierney, Joseph J. Hinchliffe, Pittsburgh, Pa., for plaintiffs.

P. Brennan Hart, Meyer Darragh Buckler Bebenek & Eck, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff June Zelonka, a citizen of this state and resident of the Western District, claims to have tripped and fallen over a tree root which had grown up through the pavement at a Quality Inn in Williamsburg, Virginia. On the basis of diversity jurisdiction, she sued in this court the various defendants alleged to be responsible for her injuries.

Defendants have filed a Motion to Transfer the action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). We solicited and received additional information from defendants and a Response from plaintiffs.

Of course plaintiffs' choice of forum is not to be lightly disturbed. However, where the convenience of witnesses and parties or the interest of justice requires, the action is to be transferred to a more convenient forum. 28 U.S.C. § 1404(a).

In the present case, one party or the other will be inconvenienced by the alternative forums. Plaintiffs reside in the Western District of Pennsylvania and defendants are located in the Eastern District of Virginia. The inconvenience being equally distributed among the parties we cannot disturb plaintiffs' choice of forum on this ground.

Defendants claim that certain liability and medical witnesses are located in Virginia and would be greatly inconvenienced by trial in Pittsburgh. However, we note that plaintiffs are apparently the only witnesses to the accident. Although defendants assert that there are witnesses residing in Virginia who would testify to the "construction and maintenance" of the accident site, defendants fail to identify which of the persons listed in the Pretrial Statement would so testify. In any event, it would appear that cumulative witnesses on this issue are unnecessary and only one knowledgeable witness, perhaps an employee of the hotel, would be required thereby minimizing the hardship predicted by defendants. In addition, two of the persons listed by defendants as potential witnesses are from Texas and would be equally inconvenienced by either forum.

Although Mrs. Zelonka received initial medical treatment in Virginia, the bulk of her care was provided here in Pittsburgh. Indeed plaintiff intends to call as medical witnesses her local treating physicians. Of course doctors rarely testify live in court these days, but transfer of the case would greatly inconvenience these witnesses or would needlessly increase the costs of litigation by requiring Virginia trial counsel to travel to Pittsburgh for the doctors' depositions. Furthermore, all records of medical treatment in Virginia should be readily available, and the Pittsburgh treating physicians would be able to testify and be cross-examined concerning such treatment

in accord with Fed.R.Evid. 703. Defendants have not identified any need for the appearance at trial of the Virginia doctor.

Other matters raised by defendants are red herrings. A view of the accident site is rarely necessary, and is particularly unlikely in a simple trip and fall case. Likewise the choice of law issue, which alone is not cause for transfer, is minimal. We are confident that with the assistance of counsel we can correctly apply Virginia negligence law, in a trip and fall case, if indeed it differs from Pennsylvania's.

Finally, we note that defendants rely heavily on *Kyle v. Days Inn of America*, 550 F.Supp. 368 (M.D.Pa.1982) in which the court transferred a slip and fall case to the forum which contained the defendant and its witnesses. It is critical to that court's decision that plaintiff, his doctors and witnesses resided in Pittsburgh in the Western District, and not in the Middle District. Therefore, the Middle District was convenient to neither party. It is also notable that the court commented that the result may be different if the suit has been brought in the district where plaintiff and his witnesses resided. *Kyle* is therefore clearly distinguishable from the present case.

Because the inconvenience in this forum to defendants and their witnesses is at best equivalent to and does not outweigh the inconvenience to plaintiff and their witnesses in the alternative forum, and there being no other interests served by transfer, the defendants' motion to transfer will be denied.